UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICOLE TINNELL,

        Plaintiff,

  v.

INVACARE CORPORATION,

        Defendant.

**DECISION AND ORDER**
10-CV-79A

## I. INTRODUCTION

Pending before the Court is a motion by defendant Invacare Corporation to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendant seeks dismissal on the grounds that the relevant limitations period for each of plaintiff's product-liability claims expired before she commenced this case. In opposition, plaintiff does not address defendant's argument directly but instead asserts that the product invoices that defendant attached to its motion papers create a question of fact that should be resolved at trial and not on a dispositive motion. The Court held oral argument on November 9, 2010, at which plaintiff admitted that the third claim in her complaint is time-barred. For the reasons below, the Court will convert defendant's motion to a motion for summary judgment and will refer this case to a magistrate judge to assess the timeliness of plaintiff's first two claims.

**II.     BACKGROUND**

This diversity case concerns plaintiff's allegations that defendant's medical equipment caused her severe and permanent personal injuries and disabilities. Plaintiff is a resident of New York who worked as a visiting nurse during the times relevant to this case. Defendant is an Ohio corporation that manufactures medical equipment including the equipment in question, an EO260 semi-electric hospital bed bearing model number 5890 (the "hospital bed"). According to the complaint, plaintiff was tending to a patient at his home on January 8, 2007 when the hospital bed malfunctioned in an unspecified manner and caused her unspecified injuries.

Plaintiff commenced litigation in response to the unspecified injuries that she allegedly suffered. Plaintiff originally commenced this case in state court by filing her summons and complaint in the Erie County Clerk's Office on January 19, 2010. The complaint contains three claims: one claim that defendant breached certain express warranties; one claim that defendant breached implied warranties; and one claim that defendant is strictly liable for plaintiff's injuries. On February 1, 2010, defendant removed this case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. On February 18, 2010, defendant filed the pending motion to dismiss. In support of its motion, defendant argues that plaintiff's strict-liability claim is untimely, albeit by 11 days, under the three-year limitations period for personal-injury cases established by N.Y. CPLR 214(5). At

oral argument, plaintiff conceded the untimely nature of the strict-liability claim; accordingly, the Court dismisses that claim with prejudice.

How defendant opposes plaintiff's other two claims has drawn the Court's attention because of the introduction of factual information not included or referenced in the complaint. Defendant argues that plaintiff's claims concerning express and implied warranties are untimely under the four-year limitations period established by N.Y. UCC § 2-725.[1] Notably, and because plaintiff's complaint contains no information regarding when the hospital bed was sold or otherwise placed into the stream of commerce—information that affects when the limitations period under Section 2-725 began—defendant supplied that information through an affidavit included in its motion papers. Specifically, defendant included in its motion papers an affidavit of Russ Pizzuto, an employee of defendant. In his affidavit, Mr. Pizzuto states that he attended an inspection of the hospital bed that occurred on October 8, 2009 and recorded the serial numbers for each of the three different sections that make up the hospital bed. Attached to Mr. Pizzuto's affidavit are invoices that defendant generated when it shipped the hospital bed components to medical equipment retailers. These invoices purportedly demonstrate that the hospital bed components were shipped in late 2004. Further, Mr. Pizzuto has submitted that the serial numbers for the hospital bed

---

[1] Plaintiff appears to disagree that her first and second claims are untimely but does not contest that N.Y. UCC § 2-725 governs those claims.

components indicate that the components were manufactured between 2002 and 2004. As a result, defendant contends, the hospital bed was sold or otherwise placed into the stream of commerce over four years before plaintiff commenced this case, rendering plaintiff's warranty claims untimely. In opposition to defendant's motion, plaintiff does not comment directly on Mr. Pizzuto's affidavit or the invoices attached to it. Rather, plaintiff submits that the invoices create a question of fact that should be determined at trial and not with motion practice.

III. DISCUSSION

Generally, the Court would proceed through defendant's motion, and through any FRCP 12(b)(6) motion, by "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted). Defendant has added a twist to the usual analysis, however, by introducing important factual information that is not described or referenced in plaintiff's complaint. "The Court notes that in adjudicating this motion, it is entitled to consider: (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to

4

be, and that have been, filed with [a government agency or agencies], and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Swiatkowski v. Citibank*, ___ F. Supp. 2d ___, 2010 WL 3951212, at *7 (E.D.N.Y. Oct. 7, 2010) (internal quotation marks and citations omitted). Although Mr. Pizzuto's affidavit appears to contain important factual information that may yet resolve defendant's motion in its favor, the affidavit does not fall into any of the five categories of documents that the Court can consider on a motion under FRCP 12(b)(6). The Court is particularly concerned that such important factual information is coming from defendant's internal files and that plaintiff had not seen it prior to the filing of defendant's motion. Accordingly, the Court will not delay review of defendant's information until trial, as plaintiff has suggested, but it also will not review that information under the FRCP 12(b)(6) framework.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FRCP 12(d). The Court finds that conversion of the remainder of defendant's motion to a motion for summary judgment is appropriate for two reasons. First, as noted above and confirmed at oral argument, plaintiff did not see the information in Mr. Pizzuto's affidavit before the affidavit was filed in this case.

5

Both FRCP 12(d) and basic fairness warrant giving plaintiff on opportunity to contest the information or to discover whether other information exists that would affect defendant's arguments about untimely claims. Second, judicial economy warrants determining up-front whether plaintiff's claims are timely before requiring the parties to engage in months or years of pre-trial discovery. Resolving the timeliness of plaintiff's claims might include, *inter alia*, a determination of what the warranties in question were, when plaintiff began working with the patient in question, and when she should have discovered any breach of warranties. *See* N.Y. UCC § 2-725(2) ("A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."); *see generally, e.g., Brainard v. Freightliner Corp.*, No. 02-CV-0317, 2002 WL 31207467 (W.D.N.Y. 2002) (Elfvin, *J.*) (assessing express and implied warranty claims under Section 2-725(2)). Upon entry of this Decision and Order, the Court will refer this case to a magistrate judge for a Report and Recommendation as to whether plaintiff filed the first and second claims in her complaint within the relevant limitations periods.

IV.  **CONCLUSION**

For all of the foregoing reasons, the Court hereby grants defendant's pending motion to dismiss (Dkt. No. 8) in part and dismisses the third claim in

6

plaintiff's complaint. The Court converts the remainder of defendant's motion into a motion for summary judgment.

In a separate order, the Court will refer this case to a United States Magistrate Judge, who will preside over discovery and further proceedings as needed to issue a Report and Recommendation on the timeliness of the first two claims in plaintiff's complaint.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 12, 2010