UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICOLE TINNELL,

                                                                **REPORT**
                                    Plaintiff,                   **and**
                    v.                                           **RECOMMENDATION**

INVACARE CORPORATION,                                            **10-CV-00079A(F)**


                                    Defendant.

_____

APPEARANCES:        SHELBY, BAKSHI & WHITE
                    Attorneys for Plaintiff
                    JUSTIN S.  WHITE, of Counsel
                    5662 Main Street
                    Williamsville, New York  14221

                    HAWORTH COLEMAN & GERSTMAN, LLC
                    Attorneys for Defendant
                    SCOTT L.  HAWORTH, and
                    NORA COLEMAN, of Counsel
                    45 Broadway, 21st Floor
                    New York, New York  10006

                    TREVETT, CRISTON, SALZER & ANDOLINA P.C.
                    Attorneys for Defendant
                    VALERIE L.  BARBIC, of Counsel
                    2 State Street
                    Suite 1000
                    Rochester, New York  14614


## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara on

November 12, 2010, for all pretrial matters.  The matter is presently before the court on

Defendant's motion to dismiss (Doc. No. 34), filed February 28, 2011.

## BACKGROUND and FACTS[1]

Plaintiff Nicole Tinnell ("Plaintiff" or "Tinnell"), commenced this action in New York Supreme Court, Erie County, on January 19, 2010, seeking to recover from Defendant Invacare Corporation  ("Defendant" or "Invacare"), monetary damages for personal injuries Plaintiff sustained on January 8, 2007, then working as a visiting nurse to non-party Vito Gramarossa ("Gramarossa"), while operating a semi-electric hospital bed ("the hospital bed").   The hospital bed was manufactured by Defendant and sold to non-party distributor Buffalo Wheelchair, Inc. ("Buffalo Wheelchair" or "the distributor") who in turn sold or rented the hospital bed to Gramarossa.   Plaintiff asserts three claims for relief including breach of express warranty ("First Claim"), breach of implied warranty ("Second Claim"), and strict products liability ("Third Claim").   On February 1, 2010, Defendant removed the action to this court, asserting diversity of citizenship as the basis for jurisdiction in this court.

On February 18, 2010, Defendant filed a motion (Doc. No. 8) to dismiss the Complaint on the basis that all three claims are time-barred ("first motion to dismiss"). While the first motion to dismiss was pending in this court, Plaintiff commenced a second personal injury action in New York Supreme Court, Erie County ("the state court action"), against Buffalo Wheelchair, based on the same January 8, 2007 incident on which the instant action is predicated, and asserting three claims for relief, including breaches of express and implied warranties, and defective condition.   On October 25, 2010, Buffalo Wheelchair moved in state court to dismiss the state court action as time-

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

barred.

In the instant action, Judge Arcara conducted oral argument on the first motion to dismiss on November 9, 2010, at which time Plaintiff agreed that the Third Claim was barred by New York Civil Practice Law and Rules ("N.Y. CPLR") § 214[5]'s three-year statute of limitations applicable to claims based on strict products liability and negligence, and Judge Arcara dismissed the Third Claim with prejudice.  Plaintiff, however, maintained that issues of fact precluded dismissal of the First and Second Claims which, pursuant to New York Uniform Commercial Code ("N.Y. UCC") § 2-725, were subject to a four-year statute of limitations triggered on the date Defendant either delivered the hospital bed to Gramarossa or otherwise placed the bed into the stream of commerce.  Defendant, in support of the first motion to dismiss, submitted evidence to establish that Defendant placed the parts which were assembled to produce the hospital bed into the stream of commerce more than four years before the instant action was commenced, rendering the First and Second Claims, respectively asserting breaches of express and implied warranties, untimely under N.Y. UCC § 2-725. Because Defendants relied on matters outside the pleadings in support of the first motion to dismiss, Judge Arcara converted the first motion to dismiss to a motion for summary judgment.  Nevertheless, Judge Arcara, concerned that nothing within the Complaint indicated when the hospital bed was sold or otherwise placed into the stream of commerce, and that Defendant first supplied such information through an affidavit and exhibits filed in connection with the first motion to dismiss, refrained from issuing a decision as to whether the First and Second Claims were also time-barred.

On January 21, 2011, New York Supreme Court Justice Frank A. Sedita, Jr.

("Justice Sedita"), issued on Order granting Buffalo Wheelchair's motion to dismiss the state court action on the basis that all three claims for relief, including the claims for breach of express and implied warranty, were time-barred by the applicable statute of limitations ("the State Court Decision").  Plaintiff did not file an appeal of the State Court Decision.

On February 28, 2011, Defendant filed the instant motion to dismiss the First and Second Claims as barred by the collateral estoppel doctrine (Doc. No. 34) ("Defendant's motion"), supported by the attached Memorandum of Law in Support of Defendant's Motion to Dismiss in Lieu of Answer for Collateral Estoppel (Doc. No. 34-1) ("Defendant's Memorandum"), and exhibits A through D ("Defendant's Exh(s). __").  In opposition to Defendant's motion, Plaintiff filed on March 23, 2011, the Affidavit of Justin S. White, Esq.  (Doc. No. 35) ("White Affidavit").  On March 31, 2011, Defendant filed the Reply Brief in Further Support of Defendant's Motion to Dismiss in Lieu of Answer for Collateral Estoppel (Doc. No. 37) ("Defendant's Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendant's motion should be GRANTED.


## DISCUSSION

Defendant moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the instant action for failure to state a claim on the basis that the two remaining claims for relief are barred by the doctrine of collateral estoppel.  In particular, Defendant maintains that insofar as the state court decision, from which Plaintiff did not appeal, dismissed as time-barred Plaintiff's breach of express and implied warranty claims against Buffalo

Wheelchair, the distributor of the hospital bed, Plaintiff's breach of express and implied warranty claims in the instant action against Defendant, the manufacturer of the hospital bed, are also time-barred.  Defendant's Memorandum at 4-7.  In opposition to Defendant's motion, Plaintiff argues only that despite the evidence submitted in both the instant action and the state court action to establish that the hospital bed was delivered by Buffalo Wheelchair to Plaintiff more than four years prior to the incident, Plaintiff disputes whether such evidence establishes such fact, although Plaintiff is "unable to adduce evidence to the contrary."  White Affidavit ¶ 6.  In further support of its motion, Defendant argues that Plaintiff has essentially admitted that this action's First and Second Claims have already been decided in the State Court Decision, and Plaintiff is now collaterally estopped from relitigating the same claims here. Defendant's Reply at 2.

"Under 28 U.S.C. § 1738 a federal court must, in according full faith and credit, give to a State court judgment the same preclusive effect as would be given to the judgment under the law of the state in which the judgment was rendered."  *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996). *See Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir.  2007) ("There is no doubt that 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))).  *See also Tierney v.  Davidson*, 133 F.3d 189, 195 (2d Cir. 1998) ("A party's ability to relitigate an issue decided in a prior state court litigation depends on the law of the state in which the earlier litigation occurred."). "This rule applies with equal force to actions brought under 42 U.S.C. § 1983."  *Id.*

Because Defendant seeks to accord full faith and credit to the State Court Decision issued January 21, 2011, in New York Supreme Court, Erie County, whether preclusive effect is to be given to the State Court Decision is to be decided according to New York law. *Id*.

In New York, collateral estoppel prevents a party from religitating an issue decided against that party in a prior adjudication provided two essential elements are present. *Jenkins*, 478 F.3d at 85. "'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Id*. (quoting *Juan C. v. Cortines*, 79 N.E.2d 1061, 1065 (N.Y. 1997)). Furthermore, "a prior adjudication on a motion brought within a prior proceeding in which issues identical to those now raised were decided" is also to be given preclusive effect provided there was "a full and fair opportunity to contest the decision now said to be controlling. *Vavolizza v. Krieger*, 308 N.E.2d 439, 442 (N.Y. 1974). In the instant case, there is no question that the issue of the timeliness of Plaintiff's First and Second claims are the same as those before Justice Sedita on the motion to dismiss the state court action as time-barred. As such, the State Court Decision must be given preclusive effect with regard to the instant action so long as Plaintiff had a full and fair opportunity to litigate the statute of limitations issue in the state court action.

"The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate." *D'Arata v. New York Central Mutual Fire Insurance Company*, 564 N.E.2d 634, 636 (N.Y. 1990).

"Under New York law, appellate review plays a critical role in safeguarding the correctness of judgments. . . ." *Johnson*, 101 F.3d at 795 (citing *Malloy v. Trombley*, 405 N.E.2d 213 (N.Y. 1980)).  As such, "collateral estoppel cannot be applied without first considering the availability of such review.  If a party has not had an opportunity to appeal an adverse finding, then it has not has a full and fair opportunity to litigate that issue." *Id*. (citing *People v. Medina*, 617 N.Y.S.2d 491 (2d Dept. 1994), *appeal denied*, 647 N.E.2d 463 (1995)).  Although Defendant to this action was not a party to the state court action, it is Plaintiff who seeks to avoid giving collateral estoppel effect to the State Court Decision rendered on January 21, 2011 dismissing as time-barred Plaintiff's state court action.  Significantly, Plaintiff never filed an appeal of the State Court Decision and the time within which to file an appeal, N.Y. CPLR § 5513(a) (providing an appeal as of right must be filed within 30 days after service upon the appellant if the judgment or order appealed from) has expired.  As such, Plaintiff had a full and fair opportunity to litigate the statute of limitations issue in the state court action, such that the State Court Decision must be given full effect in this action.

Accordingly, Defendant's motion seeking to dismiss Plaintiff's First and Second Claims under the doctrine of collateral estoppel should be GRANTED.

Alternatively, because the matter is before the undersigned for report and recommendation, should the District Judge disagree the First and Second Claim are barred by the doctrine of collateral estoppel, the court examines whether the First and Second Claims are time-barred by the relevant statutes of limitations.  To reach the alternative argument which relies on evidence outside the pleadings, however, the court first converts Defendant's motion to summary judgment.  *Hernandez v. Coffey*, 582

F.3d 303, 307 (2d Cir. 2009) ("Rule 12(d) of the Federal Rules of Civil Procedure

provides, 'If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings

are presented to and not excluded by the court, the motion must be treated as one for

summary judgment under Rule 56.").  Further, although the parties to a Rule 12(b)(6)

motion to dismiss must be given notice that the court intends to convert the motion, with

the nonmoving party given a reasonable opportunity to present evidence in opposition

to summary judgment, *Hernandez*, 582 F.3d at 307, no such notice is required where,

as here, "a party 'should reasonably have recognized the possibility that the motion

might be converted into one for summary judgment [and] was [neither] taken by

surprise [nor] deprived of a reasonable opportunity to meet facts outside the

pleadings.'"  *Id*. (quoting *Villante v. Dep't of Corrections of City of New York*, 786 F.2d

516, 521 (2d Cir. 1986) (bracketed material in original)).  In particular, because Judge

Arcara converted the first motion to dismiss into one for summary judgment based on

Defendant's reliance on the same evidence on which Defendant relies in support of the

instant motion, Plaintiff should have recognized that the instant motion would also be

converted to summary judgment.[2]

Summary judgment on a claim or defense will be granted when a moving party

demonstrates that there are no genuine issues as to any material fact and that a

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477

---

[2] Because in considering the first motion to dismiss, Judge Arcara neither dismissed the motion without prejudice nor as moot with regard to the First and Second Claims, technically the First and Second Claims remain before the court on the first motion to dismiss which Judge Arcara has already converted to summary judgment, along with the papers Defendant filed in support.  November 12, 2010 Decision and Order at 6-7.

U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S. at 322.

Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing cases).  Rather, Fed. R. Civ. P. 56(e) requires that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Moreover, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial."  *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996).

New York Uniform Commercial Code ("N.Y. UCC") § 2-318 provides that "[a] seller's warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."  The statute of limitations for

9

breach of warranty claims is provided by N.Y. UCC § 2-725 stating a cause of action for

breach of warranty must be commenced within four years of the accrual of its accrual

N.Y. UCC § 2-725(1).  A claim for breach of express or implied warranty "accrues when

the breach occurs, regardless of the aggrieved party's lack of knowledge of such

breach."  N.Y. UCC § 2-725(2).  Further, "[a] breach of warranty occurs when tender of

delivery is made . . . ."  *Id*.  As such, the First and Second Claims accrued when the

hospital bed was delivered to Gramarossa.

Significantly, Defendant has submitted a copy of a Buffalo Wheelchair's

Information and Order Form ("the Order Form") completed in connection with Buffalo

Wheelchair's sale of the hospital bed to Gramarossa, on which it is indicated that

Buffalo Wheelchair delivered the hospital bed to Gramarossa on February 28, 2005.

Plaintiff's Exh. D.  Although Plaintiff maintains that such evidence only creates an issue

of fact as to when the hospital bed was delivered to Gramarossa, Plaintiff admits she

unable to provide any evidence to the contrary.  White Affidavit ¶ 6.  Such conclusory

assertions are insufficient to avoid a properly supported summary judgment motion.

*Hayes*, 84 F.3d at 619.  As such, Defendant has established as an undisputed issue of

fact that Buffalo Wheelchair delivered the hospital bed to Gramarossa on February 28,

2005, which is the date on which a cause of action for breach of express or implied

warranty must be commenced in the absence of some exception to N.Y. UCC § 2-

725(2).  It logically follows that if Buffalo Wheelchair delivered the hospital bed to

Gramarossa on February 28, 2005, Defendant must have delivered the hospital bed to

Buffalo Wheelchair at an earlier date.

With regard to express warranties, N.Y. UCC § 2-725(2) provides that if an

express warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."  In the instant case, however, the Order Form does not explicitly extend to the future performance of the bed and, as such, Plaintiff's four-year statute of limitations under N.Y. UCC § 2-725(2) could not have accrued later than February 28, 2005.

Nevertheless, the UCC also provides that the exclusion of express or implied warranties may be void as unconscionable in the case of personal injuries.  N.Y. UCC § 2-719(3) ("Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable . . . .").  In such case, the applicable statute of limitations is established by N.Y. CPLR § 214(5), which provides a three-year statute of limitations in "an action to recover damages for a personal injury," measured from the date of the injury.  As such, a plaintiff who seeks to recover for personal injury based on a theory of breach of express or implied warranty must commence such action in New York either within four years of the date of delivery of the alleged defective product, or within three years of the date of the injury allegedly caused by the defective product.  *Heller v. U.S. Suzuki Motor Corp.*, 477 N.E.2d 434, 437 (N.Y. 1985) (holding personally injured plaintiff's claim based on breach of express or implied warranty could not be foreclosed by UCC's four-year statute of limitation running from date of delivery; rather, Plaintiff could timely commence personal injury action within three years of date of injury).

Accordingly, although the four-year statute of limitations available under N.Y. UCC § 2-725(2) expired on February 28, 2009, *i.e.*, four years after the hospital bed

11

was delivered to Gramarossa, Plaintiff still had three years in which to timely bring a

claims based on breach of express or implied warranty measured from the date of her

injury on January 8, 2007.  Unfortunately, by the time the instant action was

commenced on January 19, 2010, the three-year limitations period provided by N.Y.

CPLR § 214(5) for personal injury claims had also expired as Plaintiff's action was then

11 days too late.

The court thus alternatively recommends that Defendant's motion to dismiss, as

converted to summary judgment, Plaintiff's First and Second Claims as time-barred

should be GRANTED.


## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (Doc.  No.  34), should

be GRANTED.  The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        April <u>21</u>, 2010
              Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       April 21, 2011
             Buffalo, New York